UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DWAYNE WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOUG KEIN; GEORGE SVETKOVICH; )<br>JERRY HUGHES; and VILLAGE OF )<br>ORLAND PARK, ILLINOIS, )<br>)<br>Defendants. ) | No. 07 C 698<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Dwayne Washington, brought suit against Defendants, Doug Kein and George Svetkovich, both officers in the Orland Park Police Department, pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiff's right under the Fourth and Fourteenth Amendments. Before the Court is Defendants' motion for summary judgment.

### UNDISPUTED FACTS

Plaintiff, an African-American, earns an income by working on vehicles at his uncle's tow yard. (Pl's 56.1(a) ¶ 1, Defs.' 56.1(b) ¶ 10.) On December 10, 2005, Plaintiff's daughter, Samantha, purchased a 1994 Chevy Suburban and asked Plaintiff to see if the car was in good condition. (Pl's 56.1(a) ¶ 2, Defs.' 56.1(b) ¶¶ 6, 7.) The next day, on December 11, 2005, Samantha dropped the car off at the tow yard where Plaintiff was working. (Pl's 56.1(a) ¶ 2, Defs.' 56.1(b) ¶ 8.)

As of that date, December 11, 2005, Samantha had not registered the car in her name; she did not do so until the next day, December 12, 2005. (Defs.' 56.1(b) ¶ 9.) On December 11, 2005, the car had "For Sale" written on its windows and had temporary

license plates on its front and rear. (Defs.' 56.1(b) ¶¶ 8, 12.) Those temporary plates belonged to Samantha's previous car and were not registered to the Suburban. (Defs.' 56.1(b) ¶¶ 13, 14.) The temporary plate on the rear of the Suburban was issued on November 8, 2005, did not expire until February 6, 2006, and was not weathered at the time Samantha dropped the car off at the tow yard. (Pl's 56.1(a) ¶¶ 7-9.)

At approximately 4:00 p.m., Plaintiff left work and headed home, driving Samantha's car. (Pl's 56.1(a) ¶ 2, Defs.' 56.1(b) ¶ 10.) On his way home, driving westbound on 159th Street, Plaintiff crossed through the intersection of 159th and Harlem Avenue. (Pl's 56.1(a) ¶ 3.) As he crossed through the intersection, Plaintiff was not speeding, did not run a red light, did not change lanes without signaling, and was not violating any rules of the road, other than driving with improper registration. (Pl's 56.1(a) ¶ 6.) As Plaintiff crossed through the intersection of 159th and Harlem, Defendant Kein was parked in a parking lot near the intersection, his car perpendicular to 159th Street. (Pl's 56.1(a) ¶ 4.) After Plaintiff passed Kein's car, Kein pulled out, crossed two lanes of traffic, cut through other vehicles, put on his lights, and stopped Plaintiff approximately a half-block past the intersection. (Pl's 56.1(a) ¶ 5, Defs.' 56.1(b) ¶ 19.) Plaintiff pulled over on the shoulder of 159th Street, and Kein pulled up behind him. (Defs.' 56.1(b) ¶ 20.)

Kein approached Plaintiff's car and asked him for his license and proof of insurance. (Defs.' 56.1(b) ¶ 21.) Plaintiff handed Kein his driver's license, which was valid, and his non-owner's insurance card (Pl's 56.1(a) ¶¶ 11, 12.) However, Plaintiff was unable to provide registration; nor did he have an insurance card that listed the Suburban as an insured auto. (Pl's 56.1(a) ¶ 12, Defs.' 56.1(b) ¶ 22.) Kein returned to

his squad car momentarily and returned with two tickets, citing Plaintiff for invalid registration and for not having proof of insurance. (Defs.' 56.1(b) ¶¶ 23, 24.)

After receiving the citations, Plaintiff put his vehicle in gear and was about to leave when Kein stopped him again. (Pl's 56.1(a) ¶ 15.) Kein then asked Plaintiff to get out of the car. (Pl's 56.1(a) ¶ 16.) Plaintiff got out of the car, and Kein asked if he had any guns or drugs in the car. (Pl's 56.1(a) ¶ 16.) After Plaintiff answered that he did not have any guns or drugs in the car, Kein asked if he could search the vehicle. (Pl's 56.1(a) ¶¶ 16, 17.) Plaintiff replied that he could not. (Pl's 56.1(a) ¶ 17.) At this point, a second officer, Defendant Svetkovich, arrived and pulled in front of Plaintiff's car. (Defs.' 56.1(b) ¶ 29.) Kein placed Plaintiff in handcuffs, and Svetkovich began searching Plaintiff's car. (Pl's 56.1(a) ¶¶ 18, 19.) Kein told Plaintiff that he was placing Plaintiff in handcuffs "for [Kein's] protection." (Defs.' 56.1(b) ¶ 31.) After the search was complete, Svetkovich, addressing Kein, said "nothing," as if to indicate that the search had found nothing. (Defs.' 56.1(b) ¶ 33.) Kein then told Plaintiff to "have a nice day" and that he was free to leave the scene. (Defs.' 56.1(b) ¶ 34.)

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is

3

no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## ANALYSIS

Plaintiff brings five claims against Defendants. Those are Unconstitutional Stop (Count I), False Arrest (Count II), Unconstitutional Search and Seizure of Plaintiff's Vehicle (Count III), Violation of Due Process (Count IV) and Malicious Prosecution (Count V). All claims except the count for malicious prosecution are brought pursuant to § 1983. Defendants have moved for summary judgment on all counts.[1]

---

[1] In his response, Plaintiff concedes that summary judgment should be granted with respect to Counts IV and V, violation of due process and malicious prosecution.

4

The parties first dispute the constitutionality of the original stop. An officer may stop a vehicle when he has probable cause to believe that a traffic violation has occurred. *United States v. Figueroa-Espana*, 511 F.3d 696, 701 (7th Cir. 2007) (*Figueroa-Espana*) (citing *Whren v. United States*, 517 U.S. 806, 809-10 (1996)).

According to Defendants, as Plaintiff drove past, Kein noticed that the car had "weathered" temporary license plates attached and had "For Sale" written on the windows. After Kein pulled out behind Plaintiff, he ran a check on the license number of the temporary plates, which came back as registered to a 1996 Plymouth Neon and expired. Based on the expired, non-match plates, Kein activated his emergency lights and stopped Plaintiff.

Plaintiff argues that Kein's account of the initial stop is not plausible. Plaintiff argues that in the time it took him to travel from the intersection to the point he was stopped, half a block away, there was not enough time for Kein to have pulled out of the parking lot, gotten behind Plaintiff's car, run a check on the license plates and activated his emergency lights to stop Plaintiff.

Rather, Plaintiff argues, Kein decided to stop Plaintiff based on his race and, only after initiating the stop, learned that the car had non-matching plates. In support of this assertion, Plaintiff points to two discrepancies in Kein's statements. First, Plaintiff asserts, that the plates on Plaintiff's car, contrary to Kein's statement, were not weathered. Second, Plaintiff argues that, also contrary to Kein's statement, the

---

Thus, summary judgment in favor of Defendants will be granted with respect to those counts.

5

temporary plates, though affixed to the wrong vehicle, were not expired. Defendants, for purposes of this motion, have conceded that Kein's original position on both these points was incorrect.

At this point, there exists a factual dispute with regard to the initial stop that precludes a ruling for Defendants on their motion for summary judgment. Plaintiff has cast doubt on the chronology of the stop as recounted by Kein. First, it is unclear whether Kein had sufficient time to take the actions he claims he did regarding a determination of the improper use of the temporary plates before stopping Plaintiff. Second, given Defendants' admission that the plates were neither weathered nor expired, Defendants have offered no reason as to why Kein decided to pull out in pursuit of Plaintiff, cutting across two lanes and through other traffic. This discrepancy offers at least some support to Plaintiff's claim that the stop was racially motived and that Kein did not run a check on the plates until after he had stopped Plaintiff.

Therefore, Defendants are not entitled to summary judgment with respect to Plaintiff's claim that the initial stop was in violation of his rights under the Fourth and Fourteenth Amendments.

The parties next dispute whether the further detention and handcuffing of Plaintiff violated Plaintiff's rights under the Fourth and Fourteenth Amendments. "A seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005) (*Caballes*). "The length of detention following a traffic stop based on probable cause must be reasonable."

*Figueroa-Espana*, 511 F.3d at 702. *See also United States. v. Childs*, 277 F.3d 947, 954 (7th Cir. 2002) (*Childs*) ("What the Constitution requires is that the entire process remain reasonable.").

It is undisputed, for purposes of this motion, that after issuing Plaintiff two citations, Kein asked Plaintiff to step out of the car and placed him in handcuffs. In situations such as this, the Seventh Circuit has instructed that "the events following the issuance of the warning ticket are . . . appropriately analyzed as either a consensual encounter or an extension of the initial stop based on reasonable suspicion." *Figueroa-Espana*, 511 F.3d at 702. Here, because Defendants do not assert that Plaintiff agreed to the vehicle search and because Plaintiff was placed in handcuffs, there can be no assertion that the continuation of the stop was consensual. Yet, Defendants have offered absolutely no evidence or argument that they had any reason to suspect Plaintiff of anything beyond the vehicular violations for which he had already been cited. Thus, the mere extension of time, beyond what it took to issue the citations, might be found to be unreasonable.

That Kein handcuffed Plaintiff only adds to the potential violation of Plaintiff's rights under the Fourth Amendment. The Supreme Court recently held that to justify a patdown of a driver or passenger during a traffic stop, "the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, __ U.S. __, 129 S.Ct. 781, 784 (2009). It logically follows then, that to handcuff a driver, obviously a greater imposition on the individual's freedom than a simple patdown, police would require justification of at least the same magnitude, namely, a reasonable suspicion that the individual was dangerous. Here, Defendants

have offered no evidence or argument in support of such a belief. In fact, Defendants have admitted that neither Kein nor Svetkovich perceived Plaintiff to be a threat and that there was no reason to handcuff Plaintiff.

Defendants base their argument on *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) (*Atwater*). In *Atwater*, the Court held "[i]f an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater*, 352 U.S. at 354. Based on *Atwater*, Defendants could have arrested Plaintiff for the motor vehicle violations rather than issuing him the citations.

Defendants' argument seems to be that because they could have arrested Plaintiff, any action short of a full arrest and booking, such as extended detention at the scene or placing Plaintiff in handcuffs, could not violate Plaintiff's rights under the Fourth Amendment. Defendants have cited no case law in support of their interpretation of the Court's holding in *Atwater*. Such an interpretation would invalidate the entire body of law governing police conduct with regard to the driver in a traffic stop, including cases post-dating *Atwater*. *See e.g. Caballes*, 543 U.S. at 408 (traffic stop made for purpose of issuing a ticket may not be prolonged beyond the time reasonably required to complete that mission); *United States v. Carpenter*, 406 F.3d 915, 916 (7th Cri. 2005) ("Arresting officers must use reasonable procedures, and not all of the steps appropriate to full custodial arrests are good fits for traffic stops."); *see also Childs*, 277 F.3d at 953 ("The reasonableness of a seizure depends on what the police do, not on what they might have done.") Thus, Defendants' argument with respect to *Atwater* is rejected.

8

Therefore, Defendants have not shown that they are entitled to summary judgment on Plaintiff's claim for false arrest.

The parties next dispute the constitutionality of Defendants' search of the car. It is undisputed for purposes of this motion that Plaintiff did not consent to the search of his car. In justifying the search, Defendants cite cases which have upheld searches of vehicles on the theory that the officers had reason to believe that evidence might be found within the car. Defendants cite *Illinois v. Gates*, 462 U.S. 213 (1983), for the proposition that probable cause exists to search a vehicle where the totality of the circumstances known to the officer at the time of the search would cause a reasonably prudent person to believe that a crime had occurred and that evidence of the crime is contained in the automobile and *United States v. Spears*, 965 F.2d 262 (7th Cir. 1992) for the proposition that warrantless, nonconsensual searches of motor vehicles on public highways do not violate the Fourth Amendment if the officers conducting the search have probable cause to believe the vehicle contains contraband.

Despite this citation to *Spears*, Defendants do not argue that they had probable cause to believe that there was contraband in the car. In fact, they claim, despite Kein's question to Plaintiff regarding the presence of drugs or guns in the car, that they were not looking for contraband. Rather, Defendants justify the search with the argument that "Officer Kein knew that, given the totality of these circumstances, it was likely that evidence of the proper registration was within the Suburban." Thus, Defendants argue that after issuing two citations to Plaintiff, one for improper registration, Kein had

9

Plaintiff get out of the car, asked if he had any drugs or guns in the car and then, after a negative answer and without Plaintiff's consent, proceeded to search the car for evidence that the car might actually be properly registered.

Defendants' argument is not convincing. Defendants have failed to cite any authority for the proposition that police may, without consent, search a car for proper documentation after citing the driver for failing to provide documentation. Furthermore, the Supreme Court has rejected a nearly identical argument in circumstances very similar to those here. *See Knowles v. Iowa*, 525 U.S. 113, 114 (1998) (holding that a nonconsensual search of a vehicle following the issuance of a citation for speeding violated the Fourth Amendment). Thus, Defendants have failed to show that they are entitled to a judgment as a matter of law on this issue. Therefore, Defendants' motion for summary judgment with respect to the search of the car is denied.

Defendants next argue that summary judgment should be granted because the violations of Plaintiff's rights, if any, were *de minimis*. Defendants cite *Ford v. Wilson*, 90 F.3d 245, 248 (7th Cir. 1996) (*Ford*), for the propositions "[t]here are such things as *de minimis* deprivations of liberty" and that "a routine traffic stop is an ordinary incident of driving." Defendants argue that interpreted in a light most favorable to Plaintiff, the facts demonstrate that Plaintiff was stopped, handcuffed, had his car searched, and was issued two citations in an incident that lasted no more than thirty minutes. Though the stop made him upset and "he cried a little," Defendants note that Plaintiff was not incarcerated, was not physically injured and did not miss any work because of the incident. In their proposed statement of facts, Defendants point out that they did not

threaten to hit Plaintiff, nor did they hurt Plaintiff in any physical way during the entire course of the traffic stop and that Plaintiff does not know anyone who witnessed the traffic stop.

However, Plaintiff was handcuffed, and his car was searched without his consent. Defendants have failed to cite any cases in which such actions were found to be only *de minimis* violations of the Fourth Amendment. Therefore, Defendants' motion for summary judgment on that ground is denied.

Finally, Defendants argue that they are entitled to qualified immunity. Determining if an officer is entitled to qualified immunity is a two-step procedure: if the facts taken in the light most favorable to the plaintiff do not amount to a constitutional violation, qualified immunity applies; if the facts do amount to a violation, qualified immunity still applies unless the violated right is clearly established. *Carvajal v. Dominguez*, 542 F.3d 561, 566 (7th Cir. 2008). As discussed above, the facts viewed in the light most favorable to Plaintiff establish a violation of Plaintiff's rights under the Fourth Amendment for purposes of resolving Defendants' motion. Furthermore, those rights were firmly established at the time of the stop. Therefore, Defendants are not entitled to summary judgment on the grounds of qualified immunity.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is granted in part and denied in part. Summary judgment is granted with respect to Counts IV and V. Defendants' motion for summary judgment is denied with respect to Counts I, II and III.

Dated: March 18, 2009

JOHN W. DARRAH
United States District Court Judge